**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERICH VEYHL, | Civil No.: 21-cv-10112 (KSH) (CLW) |
| *Plaintiff,* | |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | **OPINION** |
| *Defendant.* | |

**Katharine S. Hayden, U.S.D.J.**

## I.    Introduction

In this insurance coverage dispute, plaintiff Erich Veyhl alleges that defendant State Farm Fire and Casualty Company failed to timely provide full coverage for his property damage claim in violation of his homeowners insurance policy.  State Farm has moved under Rule 12(b)(6) for partial dismissal of the complaint, arguing that plaintiff's bad faith, breach of fiduciary duty, and consumer fraud claims, along with his demands for punitive damages and attorneys' fees, should be dismissed.  The motion is fully briefed, and the Court decides it without oral argument.

## II.    Background

According to the allegations in the complaint, plaintiff is a Massachusetts resident who owns real property in Paramus, New Jersey (the "premises") and rents it to tenants.  (D.E. 1-4, Compl. ¶¶ 1-2.)  State Farm issued him a homeowners insurance policy for the premises that "provides coverage for the replacement cost of the dwelling, and dwelling extension, personal property, contents of the dwelling, fair rental value of all loss of rents and other coverages" specified in the policy.  (*Id.* ¶¶ 7-8.)

1

On or about February 1, 2019, the premises became vacant and available for rent. (*Id.* ¶ 9.)  Approximately two weeks later, plaintiff's real estate agent was showing the premises to a prospective tenant and discovered severe water damage. (*Id.* ¶¶ 10-11.)  Plaintiff immediately placed a claim with State Farm and provided notice of the loss, and State Farm sent its adjuster to "respond to the loss, remediate the damage, and restore the [p]remises." (*Id.* ¶¶ 14, 18.)

State Farm represented that it would provide full coverage for the loss, and has paid plaintiff a total of $345,969.69 to reconstruct the premises. (*Id.* ¶¶ 16, 19.)  However, it has not provided coverage/full reimbursement for certain "covered items" totaling $91,167.84. (*Id.* ¶¶ 17, 20.)  Plaintiff alleges that he relied on State Farm's representation that it would "properly and timely pay" to restore the premises, and that its bad faith conduct has denied him the ability to properly and timely reconstruct the premises and make it habitable. (*Id.* ¶¶ 21-24.)

Plaintiff filed a complaint in Bergen County on March 25, 2021 seeking declaratory judgment (Count I) and alleging causes of action for breach of contract (Count II), breach of the implied covenant of good faith and fair dealing/bad faith (Count III), breach of fiduciary duty (Count IV), and violation of the New Jersey Consumer Fraud Act (the "CFA") (Count V). (*See id.* ¶¶ 27-54.)  State Farm removed the case to this Court on April 23, 2021, relying on diversity jurisdiction. (*See* D.E. 1.)

State Farm has now moved under Rule 12(b)(6) (D.E. 4) to dismiss Counts III, IV, and V of the complaint and plaintiff's demands for punitive damages and attorneys' fees, arguing that: (i) plaintiff's implied covenant/bad faith and fiduciary duty claims are both duplicative of his breach of contract claim and factually deficient; and (ii) the CFA is inapplicable to plaintiff's claims and, even if it were to apply, his allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. (D.E. 4-2, Mov. Br.; D.E. 12, Reply Br.)  Plaintiff opposes, arguing that he has

alleged viable implied covenant/bad faith, fiduciary duty, and CFA claims, and that he is entitled

to a jury determination on the availability of punitive damages and attorneys' fees.  (D.E. 6, Opp.

Br.)

### III.    Discussion

#### A.  Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept as true all

allegations in the complaint, as well as all reasonable inferences that can be drawn therefrom.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007).  The factual allegations in the complaint must be viewed in the light most favorable to

the plaintiff.  *See Phillips v. County of Alleghany*, 515 F.3d 224, 231 (3d Cir. 2008).  To survive

a motion to dismiss, a plaintiff must "plead more than the possibility of relief."  *Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The Court will "disregard legal conclusions and

'recitals of the elements of a cause of action, supported by mere conclusory statements.'"

*Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

#### B.  Breach of the Implied Covenant of Good Faith and Fair Dealing/Bad Faith

The Court turns first to plaintiff's claim for breach of the implied covenant of good faith

and fair dealing/bad faith.  As a general matter, "[e]very contract is deemed to contain" an

implied covenant of good faith and fair dealing.  *Durr Mech. Constr., Inc. v. PSEG Fossil, LLC*,

516 F.Supp.3d 407, 417 (D.N.J. 2021).  To adequately plead a breach of the covenant under New

Jersey law, a plaintiff must allege that: "(1) the defendant act[ed] in bad faith or with a malicious

motive, (2) to deny the plaintiff some benefit of the bargain originally intended by the parties,

even if that benefit was not an express provision of the contract."  *Red Hawk Fire & Sec., LLC v.*

*Siemens Indus. Inc.*, 449 F.Supp.3d 449, 463 (D.N.J. 2020) (internal citations and quotations

omitted).  A plaintiff may be entitled to relief "if its reasonable expectations are destroyed when

a defendant acts with ill motives and without any legitimate purpose" or "if it relies to its

detriment on a defendant's intentional misleading assertions."  *Brunswick Hills Racquet Club,*

*Inc. v. Route 18 Shopping Ctr. Assocs.*, 182 N.J. 210, 226 (2005).

Where, as here, an insurance contract is at issue, a claim for breach of the implied

covenant of good faith and fair dealing is "tantamount" to a claim for "bad faith."  *See Laing v.*

*Am. Strategic Ins. Corp.*, 2014 WL 4953250, at *2 (D.N.J. Oct. 1, 2014) (Shipp, J.); *see also*

*Pickett v. Lloyd's*, 131 N.J. 457, 469 (1993) (recognizing that "[m]ost jurisdictions have

characterized a cause of action for bad-faith failure to pay an insured's claim as a tort that arises

out of the implied duty of an insurance company to deal fairly and act in good faith in processing

the claims of its policyholder").  To establish "bad faith," the plaintiff must demonstrate "the

absence of a reasonable basis for denying benefits of the policy."  *Tarsio v. Provident Ins. Co.*,

108 F.Supp.2d 397, 400 (D.N.J. 2000) (quoting *Pickett*, 131 N.J. at 473).  If the plaintiff

"demonstrates the absence of a reasonable basis, he must then prove that the defendant knew or

recklessly disregarded the lack of a reasonable basis for denying the claim."  *Id.* at 400-01.

Allegations parroting the elements of a "bad faith" cause of action, without more, are subject to

dismissal on a Rule 12(b)(6) motion.  *See, e.g.*, *Raritan Bay Fed. Credit Union v. Cumis Ins.*

*Soc., Inc.*, 2009 WL 2223049, at *3 (D.N.J. July 23, 2009) (Wolfson, J.) ("[T]he mere allegation

that [insurer's] denial of coverage inferentially establishes bad faith relies on the very

speculation that *Twombly* forbids."); *Yapak, LLC v. Massachusetts Bay Ins. Co.*, 2009 WL

3366464, at *2 (D.N.J. Oct. 16, 2009) (Thompson, J.) (dismissing breach of implied

covenant/bad faith claim where bare allegation of "willful, wanton, and malicious" failure of

4

insurer to make payments did not "support an inference that Plaintiff's claim for breach of the duty of good faith and fair dealing [was] a plausible one").

Here, regardless of which standard the Court applies, plaintiff has not provided sufficient factual allegations to suggest that State Farm had an "ill motive" or lacked a "reasonable basis" to deny coverage.  In support of his cause of action, plaintiff points to several "failures" and "refusals" on the part of State Farm—*i.e.*, that it failed to provide him with periodic status reports, refused his request for an independent senior management review, and failed to pay the replacement costs for materials and labor—and further alleges that it "has generally acted in bad faith with this claim." (Compl. ¶¶ 43-46.)  But these facts only support an inference that State Farm failed to take actions in furtherance of its obligations under the policy—they do not suggest, as is required to survive a 12(b)(6) motion, that it had any "ill motive to frustrate" plaintiff's ability to reconstruct the premises or otherwise acted in bad faith.  *Durr Mech. Constr., Inc.*, 516 F.Supp.3d at 417.  Plaintiff's "brief . . . does little to clarify the basis of [his] claim," *G & S Beshay Trading Co., LLC v. 7-Eleven, Inc.*, 2018 WL 10602188, at *5 (D.N.J. Dec. 18, 2018) (Salas, J.), and the Court declines to "infer reckless indifference" from a mere denial of coverage, *Raritan Bay*, 2009 WL 2223049, at *3.  Accordingly, the complaint falls short of pleading a viable implied covenant/bad faith claim.

Even if plaintiff had adequately pled an implied covenant/bad faith cause of action, his claim would be dismissed as duplicative of his breach of contract action.  It is well settled that "[w]here a party has breached a specific term of a contract, that party cannot be found separately liable for breaching the implied covenant of good faith and fair dealing 'when the two asserted breaches basically rest on the same conduct.'" *Spellman v. Express Dynamics, LLC*, 150 F.Supp.3d 378, 389 (D.N.J. 2015) (quoting *Wade v. Kessler Inst.*, 172 N.J. 327, 344 (2002)).  In

other words, a "plaintiff cannot maintain a breach of the implied covenant of good faith and fair dealing claim that is duplicative of its breach of contract claim." *Red Hawk*, 449 F.Supp.3d at 463. Where breach of the implied covenant of good faith and fair dealing claims lack a distinct factual predicate, courts may dismiss them at the motion to dismiss stage. *See, e.g.*, *G & S Beshay*, 2018 WL 10602188, at *4 (dismissing implied covenant claim where plaintiff merely repeated breach of contract allegations and failed to specify "what conduct form[ed] the basis for each" cause of action); *Freedom Waste Sols., Inc. v. Fam. Dollar*, 2015 WL 5996183, at *5 (D.N.J. Oct. 14, 2015) (Chesler. J.) (dismissing implied covenant claim where plaintiff's allegations did "not go beyond those required to plead breach of contract" and were based on "the same underlying facts that it allege[d] in its breach of contract claim").

Putting aside the fact that plaintiff failed to oppose State Farm's argument regarding the duplicative nature of his claims, the Court has found that all of plaintiff's allegations supporting his implied covenant/bad faith claim also form the basis of his breach of contract claim. (*Compare* Compl. ¶ 38 (alleging that State Farm failed "to take appropriate and timely actions consistent with its contractual obligations and acknowledgement of coverage for the loss") *with* Compl. ¶¶ 42-46 (alleging that State Farm "fail[ed] and refus[ed] to provide full coverage" to plaintiff and providing examples of its "bad faith" failures and refusals)). Plaintiff "cannot merely recite the same conduct [he] alleges for [State Farm's] breach of contract and transform such conduct into a breach of the implied duty of good faith and fair dealing by appending a conclusory label that those actions breaching the contract were also done in bad faith." *Intervet, Inc. v. Mileutis, Ltd.*, 2016 WL 740267, at *5 (D.N.J. Feb. 24, 2016) (Wolfson, J.). Accordingly, plaintiff's implied covenant/bad faith claim is dismissed with prejudice.

## C. Breach of Fiduciary Duty

The Court next turns briefly to plaintiff's claim for breach of fiduciary duty. As a general matter, "[a]n insurer only owes a fiduciary duty to an insured under 'certain circumstances,' such as when it is settling claims on behalf of the insured." *DeGennaro v. Am. Bankers Ins. Co. of Fla.*, 737 F. App'x 631, 639 (3d Cir. 2018). New Jersey federal and state courts have consistently held that a fiduciary duty "does not necessarily exist in a first-party [insurance] situation." *DiSalvatore v. Aetna Cas. & Sur. Co.*, 624 F. Supp. 541, 544 (D.N.J. 1986); *see, e.g., Gilliam v. Liberty Mut. Fire Ins. Co.*, 2014 WL 10191547, at *3 (D.N.J. Sept. 26, 2014) (Sheridan, J.) (first party insurance claim could not "support a finding of a fiduciary relationship" and "present[ed] nothing more than a potential breach of contract cause of action"); *see also Kocse v. Liberty Mut. Ins. Co.*, 152 N.J. Super. 371, 379 (Law. Div. 1977) ("[A]n insurer's task of determining whether the insurance policy provided coverage of an accident cannot be deemed to give rise to [a fiduciary] duty on the part of the insurer."). Rather, a claim for breach of fiduciary duty in the first-party insurance context is tantamount to a claim for breach of the implied covenant of good faith and fair dealing. *See, e.g., Robeson Indus. Corp. v. Hartford Acc. & Indem. Co.*, 178 F.3d 160, 168 n. 10 (3d Cir. 1999) (analyzing plaintiff's separate "breach of fiduciary duty" and "breach of covenant of good faith and fair dealing" claims as "a single claim for bad faith"); *see also Gussman v. Gov't Emps. Ins. Co.*, 2017 WL 4004580, at *3 (D.N.J. Sept. 12, 2017) (Rodriguez, J.) (claim for breach of implied covenant of good faith and fair dealing alleged a "breach of fiduciary duty in the handling of Plaintiff's claims under the insurance contract," which is "often described as a claim for 'bad faith'").

State Farm argues that plaintiff has failed to plead facts sufficient to establish an independent claim for breach of fiduciary duty, and that such a claim is "yet another attempt to

bootstrap a different claim to his breach of contract claim." (Mov. Br. at 7-8.)  The Court agrees.

In the complaint, plaintiff alleges that State Farm owed him a fiduciary duty, but does not allege

any independent facts to support his claim and merely incorporates his "previous allegations."

(*See* Compl. ¶¶ 48-50.)  Accordingly, plaintiff's breach of fiduciary duty claim is subsumed by

his breach of implied covenant/bad faith claim, which as explained *supra* has already been

dismissed by the Court with prejudice.

### D.  Violation of the New Jersey Consumer Fraud Act

The Court next turns to the viability of plaintiff's CFA claim.  The CFA "provides a

private cause of action to consumers who are victimized by fraudulent practices in the

marketplace." *Block v. Seneca Mortg. Servicing*, 221 F.Supp.3d 559, 593 (D.N.J. 2016) (quoting

*Gonzalez v. Wilshire Credit Corp.*, 207 N.J. 557, 576 (2011)).  To state a claim under the CFA,

the plaintiff must allege that: (i) the defendant engaged in an unlawful practice; (ii) the plaintiff

suffered an ascertainable loss; and (iii) there exists a causal relationship between the defendant's

unlawful practice and the plaintiff's loss.  *See Frederico v. Home Depot*, 507 F.3d 188, 202-03

(3d Cir. 2007); *see also Mickens v. Ford Motor Co.*, 900 F.Supp.2d 427, 436 (D.N.J. 2012).

CFA claims are subject to the heightened pleading standard of Rule 9(b), which requires that a

party "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P.

9(b); *see Mickens*, 900 F. Supp. 29 at 435 (recognizing that Rule 9(b)'s heightened pleading

requirements apply to CFA claims).  To satisfy Rule 9(b)'s heightened pleading requirements,

plaintiffs must "state the circumstances of the alleged fraud with sufficient particularity to place

the defendant on notice of the precise misconduct with which [it is] charged." *Frederico*, 507

F.3d at 200 (internal citations and quotations omitted).

However, it is well settled that "payment of insurance benefits is not subject to the [CFA]." *Vanholt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 168 (3d Cir. 1998). Accordingly, courts analyzing CFA claims in the insurance context must distinguish between "claims that allege fraudulent performance by the insurer," which are covered by the CFA, and those that allege a mere "refusal to pay benefits," which are not covered. *Smith v. State Farm Fire & Cas. Co.*, 2020 WL 6938432, at *8 (D.N.J. Nov. 25, 2020) (Bumb, J.). *Compare Weiss v. First Unum Life Ins. Co.*, 482 F.3d 254, 266 (3d Cir. 2007) (CFA applied to insured's claim that defendant engaged in unlawful practice of discontinuing previously authorized benefit payments) and *Alpizar-Fallas v. Favero*, 908 F.3d 910, 918 (3d Cir. 2018) (insured stated viable CFA claim where defendant represented that insured had to sign a document to facilitate approval of claim, but document was in fact a broad waiver of claims), *with Smith*, 2020 WL 6938432, at *8 (insured failed to allege CFA claim where allegations "depend[ed] entirely" on coverage dispute) and *Jones-Singleton v. Illinois Mut. Life Ins. Co.*, 2020 WL 1243910, at *7 (D.N.J. Mar. 13, 2020) (Martinotti, J.) (dismissing insured's CFA claim premised on defendant's failure to promptly pay insurance benefits).

Plaintiff's CFA claim is premised on State Farm's "fail[ure] to properly and timely process this claim," which, at its core, is a denial of benefits claim to which the CFA is inapplicable. (*See* Compl. ¶ 53.) The only other allegation supporting his CFA claim—namely, that State Farm "held itself out to be and, in fact, represented to Plaintiff that they were professionals, knowledgeable in insurance loss claims of this type" (*see id.* ¶ 52)—falls far short of Rule 9(b)'s heightened pleading requirements. Plaintiff presents no authority indicating that such a representation may constitute an "unlawful act" under the CFA and, even if he had, the complaint fails to allege "the date, time and place of the alleged fraud or [to] otherwise inject

9

precision or some measure of substantiation into [the] fraud allegation," which is required to survive a 12(b)(6) motion. *Frederico*, 507 F.3d at 200; *see F.D.I.C. v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994) (dismissing CFA claim under Rule 9(b) where plaintiff failed to identify the speaker of allegedly misleading statements or otherwise allege facts sufficient to support claim).

Accordingly, plaintiff has failed to adequately allege that State Farm committed an "unlawful act" under the CFA, and his claim is therefore dismissed with prejudice.

### E.  Plaintiff's Entitlement to Punitive Damages and Attorneys' Fees

Having determined that Counts III, IV, and V are subject to dismissal, the Court next must assess whether plaintiff can recover punitive damages and attorneys' fees on the remaining causes of action, which are premised on State Farm's alleged breach of the insurance policy.

Under New Jersey law, punitive damages are governed by the Punitive Damages Act, N.J.S.A. 2A:15-5.09 *et seq*.  "New Jersey's Punitive Damages Act permits an award of punitive damages when a plaintiff can prove, by clear and convincing evidence, that his harm was caused by the defendant and that the defendant has acted with 'actual malice,' or a 'wanton and willful disregard of persons who foreseeably might be harmed' by their 'acts or omissions.'"  *Hoffman v. Silverio-Delrosar*, 2021 WL 2434064, at *5 (D.N.J. June 15, 2021) (Vazquez, J.) (citing N.J.S.A. 2A:15-5.12).  Accordingly, "[t]hrough express statutory language, New Jersey provides that even gross negligence will not suffice to make punitive damages available."  *In re Paulsboro Derailment Cases*, 704 F. App'x 78, 87 (3d Cir. 2017).  Where, as here, a first-party insurance claim is at issue, courts have consistently held that "the duties of an insurer presented with a first-party claim for loss are a matter of contract law, and that punitive damages are, therefore, generally not recoverable."  *Polizzi Meats, Inc. v. Aetna Life & Cas. Co.*, 931 F.Supp.328, 335 (D.N.J. 1996); *see AV Design Servs., LLC. v. Durant*, 2021 WL 1186842, at *13 (D.N.J. Mar. 30,

10

2021) (Kugler, J.) ("Punitive damages are usually not awarded in breach of contract cases.").

Tellingly, an insured cannot even recover punitive damages for "the insurer's wrongful, bad faith

refusal to provide coverage or for the bad faith delay in handling claims." *Haardt v. Farmer's*

*Mut. Fire Ins. Co. of Salem Cty.*, 796 F. Supp. 804, 810 (D.N.J. 1992). Indeed, "in order to

sustain a claim for punitive damages, a plaintiff would have to show something other than a

breach of the good-faith obligation." *Pickett*, 131 N.J. at 475-76.

     Here, plaintiff has not adequately alleged bad faith on the part of State Farm—let alone

any "actual malice" or "wanton and willful" conduct—and his claims for bad faith, breach of

fiduciary duty, and consumer fraud were dismissed as a result. His only remaining causes of

action are premised on State Farm's alleged breach of the insurance policy for which punitive

damages are unavailable. Accordingly, plaintiff's claims for punitive damages must be

dismissed with prejudice.

     The Court reaches the same conclusion with respect to plaintiff's demand for attorneys'

fees. New Jersey Court Rule 4:42-9(a)(6) provides that attorneys' fees are available "[i]n an

action upon a liability or indemnity policy of insurance, in favor of a successful claimant." The

comment to the Rule clarifies, however, that it "*should not be extended*, beyond its express

terms, to permit a counsel fee award to be made to an insured who brings *direct suit against his*

*insurer to enforce casualty or other direct coverage*." Pressler, *Current N.J. Court Rules,*

comment 2.6 to R. 4:42–9 (emphases added). Accordingly, courts in this district have

consistently held that counsel fees are not recoverable in first-party insurance actions. *See, e.g.,*

*Breitman v. Nat'l Sur. Corp.*, 2015 WL 5723141, at *6 (D.N.J. Sept. 29, 2015) (Simandle, C.J.)

("New Jersey law does not permit a fee award to an insured who brings direct suit against his

insurer for coverage."); *Gilliam v. Liberty Mut. Fire Ins. Co.*, 2014 WL 10191547, at *4 (D.N.J.

Sept. 26, 2014) (Sheridan, J.) ("[T]his matter involves a first party claim for which counsel fees may not be recovered.").

Here, plaintiff has brought a direct suit against State Farm, his insurance provider, for coverage.  He is thus plainly ineligible for counsel fees, and any demand for them must be dismissed with prejudice.

**IV.     Conclusion**

For the foregoing reasons, State Farm's motion (D.E. 4) to partially dismiss the complaint is granted.  An appropriate order will issue.

                                                    /s/ Katharine S. Hayden
Date: December 22, 2021                             Katharine S. Hayden, U.S.D.J.